IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11212

Summary Calendar
_____

PAULA M. CRANK, INDIVIDUALLY
AND AS NEXT FRIEND OF ON BEHALF
OF KATRINA ANN CRANK, AND
BRITTANY RENEE CRANK,

Plaintiff-Appellant,

versus

KATHERINE W. CRANK, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-1984-D)
_____

June 4, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

This case arises from a child custody battle between plaintiff
Paula M. Crank, the mother of the children in question, and
defendants Katherine W. Crank, the children's paternal grandmother,
and Karen and Larry Armstrong, their aunt and uncle-in-law. Paula
Crank filed this federal lawsuit, grounded in federal question and
diversity jurisdiction, alleging that the defendants committed

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various torts against her and her children in the course of the custody dispute.  The district court dismissed Crank's claims, and we affirm.

The district court correctly concluded that Crank's due process/§ 1983 claims should be dismissed to the extent that they challenge the propriety of the underlying state court order dispossessing Crank of custody.  These claims are "inextricably intertwined" with the relief granted by the state court and hence are not cognizable in federal court.  See, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986).  Crank's attempts on appeal to recharacterize her claims as ones for the torts of interference with child custody and kidnaping are belied by her description of them in her complaint.  Similarly, Crank cannot maintain a § 1983 claim for conspiracy to deprive her of her civil rights, for she has alleged the illegal participation of no state actor.  Even if the district court had permitted Crank to amend her complaint to add the children's guardian *ad litem* as a party, Crank would still lack a state actor defendant.  See Meeker v. Kercher, 782 F.2d 154, 155 (10th Cir. 1986).

Crank also stated assault and battery claims against the defendants on behalf of her children.  Yet, as the district court correctly noted, the underlying state court order deprived Crank of the authority to prosecute suits on her children's behalf.

The district court also granted summary judgment against Crank on her libel, slander, and intentional infliction of emotional distress claims. Crank contends that the district court erred in dismissing these claims, for genuine issues of material fact were present in the case. Yet Crank identifies none of these issues, nor does she cite to the record to support her position. Accordingly, this argument is waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, contrary to Crank's assertions, we fail to see how the district court abused its discretion in denying further discovery to Crank or in denying her leave to amend her pleadings.

Crank finally complains that her dismissed claims were not remanded to state court. Yet Crank never requested a remand from the district court. Moreover, having chosen to litigate in federal court, Crank was bound by the federal decision.

The parties in this case have each requested us to sanction the other side for appellate misconduct. We conclude that this case is inappropriate for so extraordinary a remedy. We express no opinion as to the propriety of the requests for Rule 11 sanctions now pending in the district court.

AFFIRMED.